UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LEWIS NATHANIEL CLAY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 09-0179 (RBW) |
| UNITED STATES DEPARTMENT OF JUSTICE *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2008), the plaintiff challenges the responses of the Drug Enforcement Administration ("DEA") and the Executive Office for United States Attorneys ("EOUSA") to his requests for records "to wit: Receipts for Cash used in the purchase of drugs on March 11, 2002." Complaint for Declaratory and Injunctive Relief to Effect Release of Records ("Compl.") [Dkt. No. 1] at 1. The defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Upon consideration of the parties' submissions and the entire record, the Court will grant the defendants' motion and enter judgment in their favor accordingly.

**I. BACKGROUND**

1. The EOUSA Records Request

By letter dated June 21, 2004, the plaintiff requested from the EOUSA "the voucher on the amount of money paid" to a confidential informant, phone records of calls between him and his attorney that were "made and recorded" from the Atlanta Pretrial Detention Center from "the

10th through the 28th" of February, and "the grand jury minutes or transcripts." Declaration of John F. Boseker ("Boseker Decl.") [Dkt. No. 18-4], Exhibit ("Ex.") A. The plaintiff narrowed his request by letter on January 15, 2005, to (1) "[r]eceipt(s) . . . verifying the amount of money that was issued from the cashier to the confidential informant" to purchase drugs from the plaintiff on March 11, 2002, (2) "[r]eceipt(s) of . . . money returned that was not used in [the] transaction . . . [and] (3) receipt(s) of the government's funds used to pay the CI for services furnished during the investigation and conviction of [the plaintiff]." *Id.*, Ex. I.

By letter dated February 9, 2005, the EOUSA informed the plaintiff that a search conducted in the United States Attorney's Office for the Northern District of Georgia ("USAO/NDGA") located no responsive records. *Id.*, Ex. J. It suggested that the plaintiff make a request to the DEA and informed the plaintiff of his right to appeal that determination to the Department of Justice's Office of Information and Privacy ("OIP"). *Id.* In response to the plaintiff's appeal submitted February 22, 2005, *id.*, Ex. K., the OIP affirmed the EOUSA's no-records response by letter on May 9, 2005, *id.*, Ex. M.

2. The DEA Records Request

By letter dated October 23, 2004, the plaintiff requested from the DEA "[r]eceipts of money paid to a confidential informant, Voucher's Drug Buy/Michelle Hardy, 3/11/2002. CASHIER: Spring Williams, DEA" and "copies of the contents of the file complied [sic] by the DEA during the investigation and prosecution of the cited [criminal] case." Declaration of William C. Little, Jr. ("Little Decl.") [Dkt. No. 18-5], Ex. A. By letter on November 16, 2004, the DEA neither confirmed nor denied the existence of such records and advised the plaintiff of his right to appeal to the OIP. *Id.*, Ex. C. By letter dated February 16, 2005, the plaintiff

requested substantially the same records, *id.*, Ex. D, to which the DEA responded by letter on April 25, 2005, *id.*, Ex. G, advising the plaintiff that it was denying his request and withholding three pages of information under the Privacy Act, 5 U.S.C. 552a(j)(2), and FOIA exemptions (b)(2), (b)(7)(C) and (b)(7)(F), *id.*, Ex. G at 2.  On appeal, the OIP affirmed the DEA's withholding but under FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(D), (b)(7)(E) and (b)(7)(F).  *Id.*, Ex. J.[1]

## II.  LEGAL STANDARD

Under Rule 56(c)(2), summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  When ruling on a Rule 56 motion, the Court must view the evidence in the light most favorable to the non-moving party.  *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000)).  The Court must therefore draw "all justifiable inferences" in the non-moving party's favor and accept the non-moving party's evidence as true.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party, however, cannot rely on "mere allegations or denials," *Burke v. Gould*, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting *Anderson*, 477 U.S. at 248) (internal quotation marks omitted), for "conclusory allegations unsupported by factual data will not create a triable issue of fact," *Pub. Citizen Health*

---

[1] The defendants have supplied facts about other FOIA requests the plaintiff submitted to the DEA, *see* Defendants' Statement of Material Facts Not in Genuine Dispute ¶¶ 14-15, 20-23, but the plaintiff has limited his claim against the DEA in this action to "FOI/PA Request # 05-0656-P DEA," Compl. at 2, which is the request of November 16, 2005.  *See* Defs.' Facts ¶ 16.  The Court therefore will not address those FOIA requests that are beyond the scope of this litigation.

*Research Group v. FDA*, 185 F.3d 898, 908 (D.C. Cir. 1999) (internal brackets and quotation marks omitted). If the Court concludes that "the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof," then the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The FOIA requires a federal agency to release all records responsive to a request for production. 5 U.S.C. § 552(a)(3)(A). The Court is authorized under the FOIA "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980). When a FOIA requester files a civil action, the agency has the burden of proving that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978), *cert. denied*, 445 U.S. 927 (1980) (internal citation and quotation marks omitted); *see accord Maydak v. Dep't of Justice*, 218 F.3d 760, 764 (D.C. Cir. 2000) (government has the burden of proving each claimed FOIA exemption). The Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

### III.  ANALYSIS

1.  <u>The EOUSA Records Request</u>

The sole issue with respect to the EOUSA request is whether its search for records responsive to the plaintiff's FOIA request was adequate.  An agency that is responding to a FOIA request must make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 318 (D.C. Cir. 2006) (citation and internal quotation marks omitted); *see also Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (stating that "[an] agency must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents") (internal quotation marks omitted)).  While "an agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested," *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998) (internal quotation marks omitted), the search "need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the [plaintiff's] specific request," *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986); *see also id*. at 953 (stating that "[i]t would be unreasonable to expect even the most exhaustive search to uncover every responsive file").

Thus, "[t]here is no requirement that an agency search every record system" in which responsive documents might conceivably be found.  *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).  Rather, an agency must demonstrate the adequacy of its search by providing a "reasonably detailed affidavit, setting forth the search terms and type of search performed, and averring that all files likely to contain responsive materials . . . were searched." *Id*.  "Once the agency has shown that its search was reasonable, the burden shifts to [the plaintiff] to rebut [the

defendant's] evidence . . . either by contradicting the defendant's account of the search procedure or by raising evidence of the defendant's bad faith." *Moore v. Aspin*, 916 F. Supp. 32, 35-36 (D.D.C. 1996) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383-84 (8th Cir. 1985)). "Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks omitted).

Because the plaintiff was prosecuted by the USAO/NDGA, Boseker Decl. ¶ 20, staff at that office conducted computer searches using variations of the plaintiff's name, retrieved more than sixteen hundred pages of material and forwarded them to the EOUSA for processing. *Id*. ¶ 21. According to the FOIA contact at the USAO/NDGA, that "office does not control the use of and/or payment to confidential informants, and we are not in possession of the material . . . that Mr. Clay requested."[2] *Id*. Rather, such information "would be in the possession of the [DEA]." *Id*. John Boseker, however, "re-reviewed the material sent by the USAO, which includes DEA records, and located [] the same letter of February 11, 2003 summarizing the confidential

---

[2] John Boseker is an Attorney Advisor at the EOUSA "specifically assigned to the component . . . designated to administer" the FOIA. Boseker Decl. ¶ 1. His official duties include reviewing FOIA "requests for records sought from [the] EOUSA and/or the 94 U.S. Attorneys offices. . .; [in addition to reviewing the] searches performed in response to requests [] and [the] responses made to those requests." *Id*. ¶ 4. Boseker's "statements [contained in his affidavit] are made on the basis of [his] review of EOUSA's official files and records, [his] own personal knowledge, and the information [he] acquired in performing [his] official duties." *Id*. ¶ 5. "A declarant in a FOIA case satisfies the personal knowledge requirement in Rule 56(e) if in his declaration, [he] attests to his personal knowledge of the procedures used in handling [a FOIA ] request and his familiarity with the documents in question." *Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 138 (D.D.C. 2008) (citations and internal quotation marks omitted) (brackets in original). *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir.1991) (citing *Meeropol v. Meese*, 790 F.2d 942, 951 (D.C. Cir.1986)) (determining that the person in charge of a search is "the most appropriate person to provide a comprehensive affidavit").

6

informant payments . . . attached in support of [the] complaint." *Id.*, n.3.  Although this discovery contradicts the EOUSA's initial no-records response, it does not raise a genuine issue of material fact with regard to the otherwise adequate search for responsive records because "the [mere] fact that a particular document was not [initially] found does not demonstrate the inadequacy of a search." *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 390-91 (D.C. Cir. 2007) (citing *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003); *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999)).

It nevertheless is unclear why the EOUSA did not process the record after it was located.  An agency is obligated under the FOIA to disclose all responsive records in its custody and control at the time of the FOIA request.  *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983).  The fact that the plaintiff may have already an unredacted copy of the letter, *see* Compl., Ex. C (docket page 16), does not discharge the EOUSA from its statutory duty.  *See Western Center for Journalism v. I.R.S.,* 116 F. Supp. 2d 1, 10 (D.D.C. 2000) (*"*[I]t is unreasonable to expect even the most exhaustive search to uncover every responsive file; what is expected of a law-abiding agency is that the agency admit and correct error when error is revealed.") (citation omitted).  That said, the plaintiff has proffered the responsive letter in its entirety to support his claim and has not challenged the EOUSA's failure to process it.  The Court therefore does not find a disputed issue of material fact arising from this omission.

2. The DEA Records Request

The issue with respect to the DEA request is whether the DEA properly withheld three pages of responsive material under FOIA exemptions 2, 7(C) and 7(F).  The withheld pages are described as two one-page vouchers containing third-party identifying information and internal codes and a one-page receipt containing the same type of information.  *See* Little Decl., Ex. R. (*Vaughn* Index).

Exemption 2 of the FOIA, which shields from disclosure information that is "related solely to the internal personnel rules and practices of an agency," 5 U.S.C. § 552(b)(2), applies if the information that is sought satisfies two criteria: First, such information must be "used for predominantly internal purposes[.]" *Crooker v. Bureau of Alcohol, Tobacco and Firearms*, 670 F.2d 1051, 1073 (D.C. Cir. 1981); *see Nat'l Treasury Employees Union v. U.S. Customs Serv.*, 802 F.2d 525, 528 (D.C. Cir. 1986). Second, the agency must show either that "disclosure may risk circumvention of agency regulation," or that "the material relates to trivial administrative matters of no genuine public interest." *Schwaner v. Dep't of the Air Force*, 898 F.2d 793, 794 (D.C. Cir. 1990) (citations and internal quotation marks omitted). "Predominantly internal documents the disclosure of which would risk circumvention of agency statutes and regulations are protected by the so-called 'high 2' exemption. Predominantly internal documents that deal with trivial administrative matters fall under the "low 2" exemption." *Schiller v. Nat'l Labor Relations Bd.*, 964 F.2d 1205, 1207 (D.C. Cir. 1992); *see Founding Church of Scientology, Inc. v. Smith*, 721 F.2d 828, 830-31 n.4 (D.C. Cir. 1983) (finding exemption of low 2 material that merely relates to trivial administrative matters of no genuine public interest to be "automatic").

The DEA withheld "'violator identifiers' consisting of Geographical Drug Enforcement Program (G-DEP) identifier codes," Little Decl. ¶ 48, an internal accounting code and an internal number under exemption 2, *id*. ¶50; *see also Vaughn* Index. G-DEP codes are internal codes "assigned to all DEA cases at the time the case file is opened and indicate the classification of the violator, the types and amount of suspected drugs involved, the priority of the investigation and the suspected location and scope of criminal activity." Little Decl. ¶ 48. The release of such information could "thwart the [DEA's] investigative and law enforcement efforts" because "[s]uspects could decode [the] information and change their pattern of drug trafficking in an effort to respond to what they determined DEA knows about them or avoid detection and

apprehension [by creating] alibis for suspected activities." *Id.* ¶ 49. The withholding of such information under exemption 2 is routinely affirmed, *see, e.g., Lesar v. U.S. Dep't of Justice*, 636 F.2d 472, 485-86 (D.C. Cir. 1980) (informant codes are "a matter of internal significance in which the public has no substantial interest."); *Mendoza v. Drug Enforcement Admin.*, 465 F. Supp. 2d 5, 11 (D.D.C. 2006) (approving the withholding of DEA " 'violator identifiers' called G-DEP codes, NADDIS numbers, and confidential informant codes"); *Albuquerque Publ. Co. v. U.S. Dep't of Justice*, 726 F. Supp. 851, 854 (D.D.C. 1989) (stating that "informant codes plainly fall within the ambit of exemption 2"). Similarly, the withholding of internal accounting codes and similar numbers is routinely affirmed under the "low 2" exemption. *See Moayedi v. U.S. Customs and Border Prot.*, 510 F. Supp. 2d 73, 82 (D.D.C. 2007) (" 'Low 2' materials . . . include . . . 'trivial administrative data such as file numbers, mail routing stamps, initials, data processing notations, and other administrative markings' ") (quoting *Coleman v. FBI*, 13 F. Supp. 2d 75, 78-79 (D.D.C. 1998)) (other citation omitted). Based on the foregoing authority, the Court finds that the DEA properly withheld its internal codes and numbers under exemption 2.

FOIA exemption 7(C) is designed to protect the personal privacy interests of individuals named or identified in government "records or information compiled for law enforcement purposes," to the extent that their disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Under this exemption, an agency may withhold categorically certain information in law enforcement records if its disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 756, (1989). "The records [at issue] were compiled during criminal law enforcement investigations of the plaintiff and several third parties," Little Decl. ¶ 52, thereby satisfying the threshold

requirement of exemption 7(C).[3]  The DEA withheld "names and other identifying information which would reveal the identity of and disclose personal information about individuals who were involved or associated with the plaintiff or with a law enforcement investigation," including "third parties, suspects, co-defendants, and confidential sources of information." *Id*. ¶ 53.  Such information is "categorically" protected from disclosure under exemption 7(C) absent the plaintiff's showing that "a significant public interest exists for disclosure." *Kurdyukov v. U.S. Coast Guard*, ___ F. Supp. 2d ___, 2009 WL 3103779 *4-5 (D.D.C., Sept. 29, 2009).

The plaintiff advances three reasons for disclosure, none of which is persuasive.  He first argues that a confidential informant "publicly revealed her status as an informant of the DEA when she testified against the Plaintiff . . . in a separate criminal case."  Plaintiff's Reply to the Defendants' Motion for Summary Judgment ("Pl.'s Opp'n") [Dkt. No. 20] at 2.  However, under subsection (c)(2) of the FOIA,

> [w]henever informant records maintained by a criminal law enforcement agency under an informant's name or personal identifier are requested by a third party according to the informant's name or personal identifier, the agency may treat the records as not subject to the requirements of this section unless the informant's status as an informant has been officially confirmed.

5 U.S.C. § 552(c)(2).  The plaintiff has attached to the complaint portions of an unauthenticated transcript that corroborates his general claim, but an individual does not waive privacy rights merely by testifying at a trial.  *See Lewis-Bey v. U.S. Dep't of Justice*, 595 F. Supp. 2d 120, 135 (D.D.C. 2009) (finding substantial "privacy interests [] no less significant where the individual has testified at trial"); *cf. Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992) ("Even when the source testifies in open court, as did the informant in this case, he does not thereby waive the [government's] right to invoke Exemption 7(D) to withhold . . .

---

[3] The plaintiff was subsequently convicted of conspiracy and the distribution of crack cocaine.  Little Decl. ¶ 63.

information furnished by a confidential source not actually revealed in public.") (citation and internal quotation marks omitted) (brackets in original).  At most, "when an informant's status has been officially confirmed, the requirements of FOIA govern, and the agency must acknowledge the existence of any records it holds." *Benavides v. Drug Enforcement Admin.*, 968 F.2d 1243, 1246 (D.C. Cir. 1992).  The agency is not precluded from invoking FOIA exemptions to withhold responsive records, however.  *See Benavides* at 1248 ("There is no evidence that Congress intended subsection (c)(2) to repeal or supercede the other enumerated FOIA exemptions, or to *require* disclosure whenever the informant's status has been officially confirmed.") (emphasis in original).

      The plaintiff next argues that he "has a Due Process Right under the Fifth Amendment of the United States Constitution to discovery in all criminal cases."  Pl.'s Opp'n at 2.  This argument fails because the FOIA is not a substitute for discovery rules which govern civil and criminal litigation where "[d]ifferent considerations" are at issue.  *Stonehill v. IRS*, 558 F.3d 534, 538 (D.C. Cir. 2009); *see also North v. Walsh*, 881 F.2d 1088, 1096 (D.C. Cir. 1989) ("Discovery limitations, civil or criminal . . . do not apply when FOIA requests are presented in a discrete civil action.").  Because the FOIA is concerned only with the disclosure of agency records, the requester's identity and purpose for the disclosure are generally immaterial.  *See North,* 881 F.2d at 1096 ("In sum, North's need or intended use for the documents is irrelevant to his FOIA action; his identity as the requesting party 'has no bearing on the merits of his . . . FOIA request.'") (quoting *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 771 (1989)) (ellipsis in original); accord *Swan v. SEC*, 96 F.3d 498, 499-500 (D.C. Cir. 1996).  In addition, unlike a "constitutionally compelled disclosure to a single party" during discovery, *Cottone v. Reno*, 193 F.3d 550, 556 (D.C. Cir. 1999), a FOIA disclosure is "to the public as a whole[.]"  *Stonehill*, 558 F.3d at 539 (citation omitted).  "[T]he stakes of disclosure

for the agency [therefore] are greater in the FOIA context" in part because "there is no opportunity to obtain a protective order." *Id*. at 539-40. The FOIA's "nine enumerated exemptions are designed to protect those 'legitimate governmental and private interests' that might be 'harmed by release of certain types of information' " to the public at large. *August v. FBI*, 328 F.3d 697, 699 (D.C. Cir. 2003) (citation omitted). Thus, "not all documents available in discovery are also available pursuant to FOIA," and vice versa. *Stonehill*, 558 F.3d at 539.

      Finally, the plaintiff argues that the requested information should be disclosed to uncover the government's alleged violation of 18 U.S.C. § 201(b)(3), which prohibits bribery of a witness. *See* Pl.'s Opp'n at 3-4. He predicates this argument on the DEA's alleged use of "Rosalyn Michelle Hardy" as an informant to procure evidence and testimony against him in the criminal proceeding. *Id*. at 3. But § 201 specifically states that the proscribed behavior "shall not be construed to prohibit the payment or receipt of witness fees provided by law. . .," 18 U.S.C. § 201(d), and 21 U.S.C. § 886(a) specifically authorizes "[t]he Attorney General . . . to pay [drug informants from DEA funds] such sum or sums of money as he may deem appropriate. . . ." More to the point, any personal interest the plaintiff may have in the withheld material does not qualify as a public interest favoring disclosure under FOIA exemption 7(C).[4] *See Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002), *vacated and remanded on other grounds*, 541 U.S. 970 (2004), *reinstated*, 378 F.3d 1115 (D.C. Cir. 2004) (the public interest in disclosure "does not include helping an individual obtain information for his personal use" to overturn a criminal conviction); accord *Boyd*, 475 F.3d at 388 ("[A] single instance of a *Brady* violation in

---

    [4] Because the DEA properly invoked exemption 7(C), the Court will not address the DEA's argument that it properly invoked exemption 7(F) to withhold the same information. *See* Memorandum of Points and Authorities in Support of Defendants' Motion for Summary Judgment [Dkt. No. 18-1] at 17-18.

Boyd's case would not suffice to show a pattern of government wrongdoing as could overcome the significant privacy interest at stake.") (citations omitted).

Having determined that the DEA properly invoked the aforementioned FOIA exemptions, the Court must now determine whether it properly withheld the three pages of responsive records in their entirety. *See Kurdyukov*, ___ F. Supp. 2d at ___, 2009 WL 3103779 *7 (citations omitted). An agency may withhold entire documents when the "'exempt and nonexempt information are 'inextricably intertwined,' such that the excision of exempt information would . . . produce an edited document with little informational value.'" *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000) (quoting *Neufeld v. IRS*, 646 F.2d 661, 666 (D.C. Cir. 1981)). William Little states that he "personally reviewed [the three DEA forms] to determine whether any reasonable segregable information exists that could be released." Little Decl. ¶¶ 64, 67-68. He found that the plaintiff's name appeared nowhere on the forms and that "[a]fter withholding all exempt information, no useful information regarding how the Government conducts business or the performance of DEA and its responsibility under the law would remain." *Id*. ¶¶ 67, 68. Based on Little's representation and the accompanying *Vaughn* Index (Ex. R.), the Court finds that the DEA properly withheld the three responsive pages in their entirety.

### IV.  CONCLUSION

For the foregoing reasons, the Court finds that no triable issue exists concerning the defendants' responses to the plaintiff's FOIA requests and further finds that the defendants are entitled to judgment as a matter of law.[5]

```
                        _____s/_____
                        Reggie B. Walton
Date: January 29, 2010  United States District Judge
```

---

[5] A separate Order accompanies this Memorandum Opinion.